WILLIAM F. PETILLON *et al.*

*v.*

WILLIAM T. NOBLE *et al.*

73   567
121   375
73   567
35a   96
73   567
38a   335
73   567
156   403

1. ASSIGNEE *before maturity.* A failure of consideration, in whole or in part, constitutes no defense to promissory notes in the hands of an innocent purchaser for value before maturity, to whom they are indorsed by the payees.

2. SAME—*right of purchaser as to security.* The indorsement by the payee of a promissory note, secured by a chattel mortgage, before maturity, carries with it as an incident to the debt the mortgage, but this is so only in equity, and the purchaser, acquiring only an equity in the mortgage, takes it subject to any defense the mortgagee may have as to the notes, the same as in the hands of the assignor.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

This was a bill in chancery, for an injunction to restrain the negotiation of certain promissory notes, and the foreclosing of a certain chattel mortgage given to secure their payment, and to compel the same to be delivered up for cancellation.

The bill alleged, that on the 26th of May, 1873, the complainants, the appellants, executed to W. T. Noble & Co., a portion of the appellees, their nine promissory notes, payable at certain periods after date, and a chattel mortgage to secure their payment, upon the furniture and fixtures in the barber shop occupied by complainants, situate in the Grand Pacific Hotel in Chicago.

That the same were executed in pursuance of a verbal contract between the parties, made in March, 1873, and modified by their written contract, made May 13, 1873, whereby W.

T. Noble & Co. agreed to furnish the materials and construct and finish the furniture and fixtures for such barber shop for the sum of $5500, $2000 thereof to be paid as the work progressed, and the residue to be secured by such notes and chattel mortgage as above; the cash payments were to be made, and the notes and mortgage to be executed, before the delivery of the furniture and fixtures by W. T. Noble & Co.; the work was to be put up by the latter on or before the day previous to the day of the public opening of the hotel; that the complainants paid the $2000, and fully performed on their part; that Noble & Co. did not perform their part of the contract; that the furniture and fixtures were defective; that the work was not done within the time required by the contract; that, in consequence thereof, they suffered loss to the amount of $2000; that the notes then belonged to the firm of Noble & Co., and were deposited for collection in the Central National Bank. The insolvency of W. T. Noble & Co. is alleged. The first five of the notes were paid at maturity, the four others remaining unpaid, they being payable, respectively, 200, 230, 260 and 290 days after date. The bill was filed December 17, 1873. A temporary injunction was granted. Answers having been filed, a motion was made for a dissolution of the injunction, which being heard on bill, answers and affidavits filed by the respective parties, the court below dissolved the injunction December 30th, 1873; and, thereupon, on motion of complainants, the bill was dismissed at their costs without prejudice, and complainants appealed.

Mr. OMAR BUSHNELL, for the appellants.

Messrs. MONROE, BISBEE & GIBBS, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The evidence submitted on the hearing of the motion to dissolve the injunction, shows, very satisfactorily, that the notes in question were purchased by the Central National Bank of Chicago, from W. T. Noble & Co., on the 4th day of June,

1873, for a full consideration, then paid in good faith, without notice of the alleged defense to them, and that they were, at the same time, duly assigned, by indorsement thereon, to the bank. The bank, then, being the innocent holder of the notes by purchase for value before maturity, the alleged failure of consideration, in whole or in part, as regards them, can not be set up as against the bank, and, so far as respects the notes, the injunction was rightly dissolved.

But it is different as regards the chattel mortgage. The bank has no other interest in that and the mortgaged property than what it derives by virtue of the assignment of the notes. That carried with it the mortgage as an incident to the principal debt, but only so in equity, and only an equitable interest in the mortgage. The mortgage did not carry with it to the assignee of the notes the same exemption from defense as did the notes. It is the doctrine of this court, as laid down in *Olds* v. *Cummings et al.* 31 Ill. 188, and affirmed in subsequent cases, that the assignee of a mortgage takes it subject to the defense which the mortgagor had against it in the hands of the mortgagee. The evidence shows that W. T. Noble & Co. did not finish the work by the time stipulated, the day of the public opening of the hotel, but that for about four weeks thereafter the workmen of W. T. Noble & Co. were at work in the barber shop, to the considerable damage of appellants, and that the work has not yet been finished. It is answered to this by appellees, that the delay was occasioned by appellants making alterations in the work to be done, and by ordering additional work. But the preponderance of the evidence shows, that the alterations were such as would diminish the amount of work, and enable W. T. Noble & Co. to finish the work earlier than they could otherwise have done.

The weight of the evidence is to disclose a defense as against W. T. Noble & Co., in whole or in part. The bank, then, under the decisions of this court, having no other or greater rights in relation to the mortgage, and standing in no better position than W. T. Noble & Co., the mortgagees, the injunction, as to the mortgage, should not have been dissolved.

The decree and order of dissolution of the injunction, so far as they respect the notes, are affirmed, but as respects the mortgage they are reversed, and the cause is remanded for further proceedings.

*Decree modified.*