Belt v. Winsor.

*Decree affirmed.*

GEORGE W. BELT ET AL.
v.
JOHN W. WINSOR ET AL.

*Negotiable Instruments—Notes—Secured by Chattel Mortgage—Rights of Indorsee—Usury—Bill in Equity—Injunction—Amendment of Bill.*

1.   Where a bill in equity set up the execution of usurious paper by the complainants, and that the same had been transferred by the payees for the purpose of preventing the defense of usury, and that the assignee had seized the mortgaged property and was about to sell it, and where an injunction had been issued restraining the sale, *held:* That it was competent for the court to allow an amendment to the bill without prejudice to the injunction, striking out the charge, as against the assignee of the paper, that he had purchased it fraudulently and without consideration.

2.   A party who purchases negotiable paper, secured by a chattel mortgage, before maturity and for a valuable consideration, is, while attempting to collect the debt under the mortgage, and, as regards the enforcement of the mortgage, in no better position than the payees.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Macoupin County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. A. N. YANCEY, for appellants.

Messrs. RINAKER & RINAKER, for appellees.

CONGER, P. J.   This is an appeal from an interlocutory order of the Circuit Court of Macoupin County, overruling a motion to dissolve an injunction for want of equity on the face of the bill.   Appellees filed a bill setting up that they had had money dealings with Belt Bros. & Co. for a long time previous, in which they had borrowed various sums of money from said Belt Bros. & Co., agreeing to pay them usurious interest; that in 1887 an accounting was had, and appellees executed to Belt Bros. & Co. their two notes—one for the sum of $5,183, and the other for the sum of $896.48, as the balance due them, which notes contained large sums for usurious interest; that said notes were secured by a chattel mortgage; that appellees, upon a fair accounting and deducting the usury represented in said notes, would owe nothing upon them, or, if anything, very little, which they were ready and willing to pay; that, for the purpose of preventing the defense of usury, said Belt Bros. & Co. had fraudulently and without consideration assigned said notes to George W. Belt, who had, by his attorneys and agents, taken possession of the property contained in said chattel mortgage, and was about to sell and dispose of the same, to the injury of appellees, etc.

Answers were filed denying that George W. Belt purchased the said notes fraudulently, but insisting that he bought them in good faith, for value, etc., and before their maturity.   A large number of affidavits was filed, and a motion to dissolve the injunction made, which seems never to have been passed upon by the court.   Appellees then asked leave of the court to amend the bill without prejudice to the injunction, which being allowed, appellees amended their bill by striking out of it all the charge against George W. Belt that he fraudulently and without consideration purchased the notes.   To this action of the court allowing this amendment, objection and exception was taken, and then, as appears on page 100 of the record, "defendants Belt and Yancy moved to dissolve the

Belt v. Winsor.

injunction for want of equity on the face of the complainants' amended bill."

These two rulings of the court are all that are before us. Although the record contains the affidavits, and they are spoken of by counsel in argument, we do not consider them at all in reaching our conclusion.

First. Did the court err in allowing the amendment? We think not. An averment had been placed in the bill which was immaterial, and, whether true or false, made no difference; hence it was proper at any time to allow appellees to strike it out, when it could work no injury or surprise to the defendants in the bill.

Second. Did the court err in overruling the motion to dissolve the injunction for want of equity on the face of the amended bill? This question, we think, should also be answered in the negative.

The principle is so well settled as scarcely to need the citation of authorities that George W. Belt, when he became the holder of these notes before maturity and for a valuable consideration, while attempting to collect them under and by virtue of the chattel mortgage, stood in no better position than Belt Bros. & Co., and that as against the enforcement of the mortgage, appellees could make the same defense as against Belt Bros. & Co. Olds v. Cummings, 31 Ill. 188; White v. Sutherland, 64 Ill. 181; Petillon v. Noble, 73 Ill. 567. The bill on its face had, we think, sufficient equity to support the injunction, but as stated above, we do not consider nor attempt to determine the force and effect of the affidavits in the record as to the facts, as we do not think that is before us. We have not thought it necessary to pass upon the question of whether this appeal should have been dismissed because, as claimed by appellees, it was not perfected in sixty days.

The decree of the Circuit Court allowing the amendment and refusing to dissolve the injunction because of want of equity on the face of the amended bill will be affirmed.

*Decree affirmed.*